NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 21-2100
———

NAVJOT SINGH,
                              Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA

———————

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A200-813-143)
Immigration Judge:  Alberto J. Riefkohl

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 25, 2022

———————

Before:  BIBAS, MATEY, and PHIPPS, *Circuit Judges*.

(Filed: April 5, 2022)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Navjot Singh, a native and citizen of India, entered the United States without inspection near Hidalgo, Texas, in June 2010. A month later, the Department of Homeland Security initiated removal proceedings against him through charges that he was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). During those proceedings, in May 2011, Singh conceded inadmissibility and instead sought three forms of relief from removal: asylum, withholding of removal under the Immigration and Nationality Act, and protection under the Convention Against Torture. In May 2018, after determining that Singh was not credible, the Immigration Judge assessed the evidence and concluded that Singh did not show past persecution, a well-founded fear of future persecution, or a likelihood of torture – at least one of which was needed for at least one of the forms of relief he sought. Without any of those showings, the Immigration Judge denied all of Singh's requests for relief.

Singh administratively appealed that order to the Board of Immigration Appeals. In reviewing the Immigration Judge's decision, the BIA deferred to the Immigration Judge's credibility finding. It then denied all forms of relief to Singh because there was "insufficient independent evidence to rehabilitate [his] testimony or to independently establish [his] claim." BIA Decision at 3 (AR5).

To review that final order of removal, Singh timely filed a petition in this Court. *See* 8 U.S.C. § 1252(b)(1), (4). He now argues that the BIA erred in two respects: first by deferring to the Immigration Judge's adverse credibility finding, and second by

concluding that the remaining evidence did not support a finding of persecution. In reviewing the agency's credibility determination and factual findings for substantial evidence, *see B.C. v. Att'y Gen.*, 12 F.4th 306, 313 (3d Cir. 2021), we will deny the petition.

## I. THE CHALLENGE TO THE IMMIGRATION JUDGE'S CREDIBILITY DETERMINATION

The Immigration Judge grounded the adverse credibility finding against Singh in inconsistencies in his descriptions of past persecution. Before the hearing, Singh and his father provided affidavits that similarly described two attacks that Singh claimed to have experienced in February and March 2010 by members of a rival political party. But then in testifying before the Immigration Judge, Singh recounted those same events differently.

### A. The Descriptions of the Attacks Provided in the Two Affidavits

The affidavits describe the attacks consistently. As they relate, the first attack occurred on February 1, 2010, after Singh attended a rally organized by the political party to which he belonged – the Mann party. Later that day, several members of the rival Badal party attacked Singh and threatened to kill him if he opposed their party. The next day, Singh went to the police station to report the incident, but an officer accused Singh of lying and ordered other officers to beat him up and throw him out of the station.

The second attack occurred several weeks later, on March 25, 2010. While Singh was at home with his parents, twelve members of the Badal party forced open the outer gate to their home and challenged Singh to come out. Those members of the Badal party

threatened to "beat [Singh] to death" because he and his father had not joined their party. Singh Aff. ¶ 13 (May 13, 2011) (AR168). Singh's father asked for more time to decide. *Id*. The Badal party members responded to that overture by beating Singh and his father with sticks until the neighbors came outside.

### B. Singh's Testimony Provides a Different Account of the Attacks

When testifying before the Immigration Judge, on March 9, 2018, however, Singh delivered a different account of those events. As to the first attack, Singh testified that when he tried to report the attack, the police officer accused Singh of lying and tried to arrest him, causing Singh to flee. Regarding the second attack, Singh testified that when the Badal party members went to his home in March 2010, they knocked at the door, and Singh's father opened it for them.

### C. The Immigration Judge Permissibly Made an Adverse Credibility Finding

Based on those unexplained differences, the Immigration Judge determined that Singh was not credible.

This Court reviews the agency's adverse credibility finding under the deferential substantial evidence standard. *See Romero v. Att'y Gen.*, 972 F.3d 334, 340 (3d Cir. 2020) (explaining that this Court upholds the agency's "findings if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole" (quotation marks omitted)). Under that standard, this Court will uphold the agency's factual findings "unless the evidence would compel any reasonable fact finder to reach a contrary result." *Uddin v. Att'y Gen.*, 870 F.3d 282, 289 (3d Cir. 2017) (quotation marks

3

omitted); *see also Alimbaev v. Att'y Gen.*, 872 F.3d 188, 196 (3d Cir. 2017) (explaining that under the substantial evidence standard, an Immigration Judge's credibility finding receives "exceptional deference").

Here, substantial evidence supports the Immigration Judge's adverse credibility determination. It is of no moment that the subject matter of the differing accounts – those related to Singh's treatment by the police and those about how the Badal party entered Singh's property – were not the most important details of Singh's requests for relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (explaining that an Immigration Judge may base an adverse credibility finding on an inconsistency, inaccuracy, or falsehood in an applicant's statement "without regard to whether [the] inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim"); *see also Sunuwar v. Att'y Gen.*, 989 F.3d 239, 250–52 (3d Cir. 2021). Singh's later testimony contained notable inconsistencies with the accounts in the affidavits, and when asked about those details, he failed to provide an adequate explanation for the differences. He also did not produce objective evidence supporting his later version of events. Thus, nothing in the record compels the conclusion that the Immigration Judge erred in assessing Singh's credibility. *See* 8 U.S.C. § 1252(b)(4)(B); *Romero*, 972 F.3d at 340.

## II. THE RESIDUAL EVIDENCE OF FUTURE PERSECUTION

Recognizing that the adverse credibility finding affected only the past persecution analysis, Singh argues that he produced enough evidence of future persecution to qualify for asylum and statutory withholding from removal. *See* 8 U.S.C. § 1101(a)(42)(A); *INS*

*v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Those forms of relief each require a showing of persecution, but to different standards of certainty: asylum uses a well-founded fear standard, while statutory withholding employs a heightened showing – that the persecution would be more likely than not. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 430–32 (1987) (distinguishing between the standards applicable to claims for asylum and statutory withholding); *see also Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 590–91 (3d Cir. 2011) (reviewing both standards).

To establish future persecution, Singh relies on a letter from a leader of his political party, the Mann party. That letter states that Mann party members are routinely targeted by members of the Badal party, and that Singh may be falsely imprisoned or may even be eliminated if he returns to India. Singh argues that the Immigration Judge did not consider that letter. But the Immigration Judge stated that "[a]ll admitted evidence has been considered in its entirety regardless of whether specifically mentioned in the text of this decision." IJ Decision at 2 (AR65). The Immigration Judge did not specifically address that letter, but that is not required. *See Green v. Att'y Gen.*, 694 F.3d 503, 509 (3d Cir. 2012) (explaining that an Immigration Judge is not required to "specifically discuss every individual piece of evidence"). Nor does that letter compel the conclusion that Singh had a well-founded fear or a more-likely-than-not risk of persecution on account of his political opinion. Accordingly, under the substantial evidence standard, the agency's conclusion cannot be disturbed. *See* 8 U.S.C. § 1252(b)(4)(B).

5

\* \* \*

For the foregoing reasons, we will deny the petition.